DOCKET & FILE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 16, 2005 ★

P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    -against-

DERRICK JABBAR BROWN,

    Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

05-CR-0049

    WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant DERRICK JABBAR BROWN (the "defendant"), pursuant to 31 U.S.C. § 5332(b)(2), as property involved in Distribution of Child Pornography in violation of 18 U.S.C. § 2252A, the offense set forth in Count One of the Indictment.

    WHEREAS, on June 10, 2005, the defendant pleaded guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 2252A(a)(1); and

    WHEREAS, by virtue of the defendant having pleaded guilty to Count One of the Indictment, the United States is now entitled to the entry of an order pursuant to 31 U.S.C. § 5332(b)(2), 21 U.S.C. § 853, as incorporated in 31 U.S.C. § 5332(b)(3), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States and the Defendant as follows:

1. The defendant DERRICK JABBAR BROWN consents to the immediate condemnation and forfeiture to the United States of America of the following property ("the Seized Property") seized on December 20, 2004 at 94 Decatur Street, Brooklyn, New York, pursuant to 31 U.S.C. § 5332(b)(2), as property involved in Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), the offense set forth in Count One of the Indictment, to which the defendant pleaded guilty:

    a.    One Compaq Deskpro CPU Tower, Serial Number 6943CDDZK806;

    b.    One Maxtor External Hard Drive, Serial Number FIGZVJKE;

    c.    One Maxtor External Hard Drive, Serial Number FIASXIEE;

    d.    Three 3"x 5" floppy disks.

2. The defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Seized Property in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegations in the Indictment, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eight Amendment. The Defendant also

agrees that the forfeiture of the Seized Property shall not constitute payment of a fine.

3. Upon entry of this Order, the United States Attorney's Office and the Federal Bureau of Investigation are hereby authorized to destroy, retain for official use, or dispose of the Property in accordance with all applicable laws.

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

6. Any person, other than the defendant, asserting a legal interest in the forfeited property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 22533(m)(2).

7. The United States shall have clear title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant DERRICK JABBAR BROWN and at the time of sentencing shall be made part of the defendant's sentence and included in her judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Elaine Banar, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      June 10, 2005

                                                s/Kiyo Matsumoto
                                     HONORABLE KIYO MATSUMOTO
                                     UNITED STATES MAGISTRATE JUDGE